McKEE, Respondent, v. MITCHELL FRUIT & GROCERY COMPANY, Appellant.

(164 N. W. 65.)

(File No. 4111.   Opinion filed August 30, 1917.   Rehearing denied November 2, 1917.)

**Negligence—Injury to Express Employee in Warehouse Elevator— Whether Employee Acting Under Grocer's Directions—Sufficiency of Evidence.**

In a suit for injuries to plaintiff, an employee of an express

company, while standing in an elevator in the basement of defendant's warehouse in process of elevation of expressage, held, that, the only evidence tending to show plaintiff was acting under direction of defendant at time of injury being that, about a month prior to the accident, defendant's manager said to plaintiff "If you are in such a hurry, help the boys get out the freight. That is the only way you can get away from here in that time;" plaintiff having testified that at that time he had helped the boys, "went down after bananas; that is the only thing I ever did to help them;" that neither defendant's manager nor shipping clerk ever told him to ride on the elevator, but that he had ridden on it 30 or 40 times before the accident; and a driver for another express company testified for plaintiff that "there were times when we went down into the basement to hurry them up with the fruit stuff;" it appearing that plaintiff was after bananas when injured; that when power was applied to elevator plaintiff was eating bananas, that plaintiff was not there to help carry freight, that witness himself placed the banana crate plaintiff was after in the elevator, and that the elevator was not used for any purpose except to elevate freight; the evidence failed to support verdict for plaintiff.

Appeal from Circuit Court, Davison County. Hon. Frank B. Smith, Judge.

Action by W. J. B. McKee, a minor, etc., against the Mitchell Fruit & Grocery Company, to recover for injury to plaintiff. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

*Spangler & Haney,* for Appellant.
*H. G. Giddings,* for Respondent.

SMITH, J. The plaintiff, a boy 18 years of age, employed by the American Express Company at Mitchell, as a driver of one of its wagons, went to defendant's warehouse for a crate of bananas to be shipped by express. The bananas were kept in a room in the basement. Plaintiff took the freight elevator down to the basement; the defendant's employees put the crate on the elevator, plaintiff entered the elevator, and before the elevator started placed his hand upon a beam extending across the elevator, to which was attached a spring which was compressed against the beam upon starting the elevator. When not compressed, the spring was a couple of inches from the wood of the beam. His

21—Vol. 39, S. D.

fingers were between the spring and the wooden beam when the elevator started and the spring was compressed. One of plaintiff's fingers was caught and somewhat injured. For this injury plaintiff seeks damages. The trial court charged the jury that, if plaintiff was in the basement assisting in elevating fruit, either at the request or suggestion of defendant, or as a part of his duties as an expressman, he would be entitled to recover if defendant was negligent in constructing or operating the elevator. The jury found for plaintiff, assessing his damages at $250. Defendant appeals from the judgment and order overruling a motion for a new trial. Appellant assigns as error insufficiency of the evidence to sustain the verdict.

The record is entirely silent as to any instructions or directions by the express company to the plaintiff as to the place or manner of receiving shipments at defendant's warehouse, nor is it contended that any such instructions were ever given. The only evidence in the record relied upon by plaintiff to show that he was acting under direction of defendant at the time of the injury was to the effect that about a month before the accident Mr. Dickson, defendant's manager, said to plaintiff

"If you are in such a hurry, help the boys get out the freight. That is the only way you can get away from here in that time."

This in reply to plaintiff's statement that the express agent told plaintiff he must get away from the warehouse by 5 o'clock.

"The night he said that to me I helped the boys; went down after the bananas; that is the only think I ever did to help them."

Plaintiff also testified that neither Dickson, the manager, nor Evans, the shipping clerk, ever told him to ride on the elevator. Plaintiff also testified that he had ridden on the elevator 30 or 40 times before the accident.

Coacher, a witness for plaintiff, testified that he was driver for Wells, Fargo Express Company, and stated:

"Well, there were times when he went down into the basement to hurry them up with fruit stuff;" —that he had ridden on the elevator, but that if it was full he went up the stairs; that sometimes he helped them take out the crates and sometimes he didn't.

Evans, on behalf of defendant, testified, that he had seen plaintiff bring out stuff, though he was never asked to do it; that

when the power was applied at the time the accident occurred, the plaintiff was eating bananas; that he was not in there to help carry any freight; that there was no freight for him to carry out; that the witness himself got the crate of bananas and placed it on the elevator; that the express for the express drivers was placed in the north end of the warehouse, close to the door, and that the drivers had nothing to do with getting freight ready and carrying it up from the basement; that the elevator was never used for any purpose except to elevate freight.

The instructions of the trial court above referred to became the law of the case. Assuming such instructions to be binding as the law of the case, we are of the view that the evidence in the record is insufficient to sustain the verdict and judgment, and that the case should be reversed. It is unnecessary to consider other assignments of error.

WHITING, J., not sitting.